**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted March 24, 2010[*]
Decided April 27, 2010

## Before

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3126

STEVEN W. JAMES,
    *Plaintiff-Appellant*,

    *v.*

LISA MADIGAN, *et al.*,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Southern District of Illinois.

No. 09-40-GPM
G. Patrick Murphy, *Judge*.

## Order

After Steven James was charged with criminal sexual abuse, he agreed to a civil commitment under the Illinois Sexually Dangerous Persons Act, 725 ILCS 205/0.01 to 12. Criminal charges were dropped. James spent 15 years in custody before his release in 2003. Since then two potential employers have declined to hire James after being told by a state agency that he had a felony conviction. James asked the agencies to correct their records and got the runaround. Or so his complaint contends; we must accept its allegations for current purposes.

James filed this action under 42 U.S.C. §1983 and state law against the heads of the state agencies that falsely told prospective employers that he is a convicted felon. He wants damages plus an injunction to ensure that his civil commitment is accurately reported in the future. But the district court dismissed his complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. The judge addressed only James's constitutional theories. He thought that James had not pleaded any state-law claim, because the complaint did not set out all elements of a state-law theory.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Although *Paul v. Davis*, 424 U.S. 693 (1976), holds that the due process clause does not forbid defamation, matters become complex when defamation is combined with a loss of employment. *Wisconsin v. Constantineau*, 400 U.S. 433 (1971), says that defamation that causes a person to lose his job does deprive him of property. See also *Codd v. Velger*, 429 U.S. 624 (1977). But *Siegert v. Gilley*, 500 U.S. 226 (1991), says that defamation that costs a person an opportunity to get a specific job in the future does not affect liberty or property. We have concluded that defamatory statements come within the due process clause if as a practical matter they make it impossible for a person to pursue his chosen occupation or rule out most common occupations. See *Perry v. FBI*, 781 F.2d 1294, 1302 (7th Cir. 1986) (en banc); *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 617 (7th Cir. 2002).

James's complaint mentions only two specific jobs. We need not decide whether a generous construction of the complaint would suggest that James has been unable to find any acceptable employment, because there is another obstacle to his constitutional claim. Illinois provides remedies for false statements by state agencies about a person's criminal record. Because James alleges that the defendants' agencies behaved in an unauthorized manner, the principle of *Parratt v. Taylor*, 451 U.S. 527 (1981), applies. State courts supply the process due for random and unauthorized misconduct by state employees. See also *Albright v. Oliver*, 510 U.S. 266 (1994); *Zinermon v. Burch*, 494 U.S. 113 (1990).

James wants to present a constitutional challenge to Wisconsin civil-commitment system, but because he has been unconditionally released there is no live case or controversy. Moreover, James consented to his civil commitment, and he cannot use a federal civil suit to wage a collateral attack on the disposition of that proceeding.

The district court thought that the complaint did not adequately plead a complaint under state law. The Federal Rules of Civil Procedure do not require plaintiffs to plead law, however; it is enough to narrate grievances. See *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992). Later documents, such as motions and briefs, explain the legal theories underlying complaints. In this court James relies on the Illinois Uniform Conviction Information Act, 20 ILCS 2635/1 to 24. This statute requires state agencies to give accurate information to potential employers (and other requesters) and authorizes both damages and equitable relief if after exhausting administrative remedies a person is dissatisfied with the results. See 20 ILCS 2635/14, 15.

James is in the wrong forum for relief under this statute, however. Sovereign immunity prevents a federal court from awarding damages against a state or one of its employees. Although *Ex parte Young*, 209 U.S. 123 (1908), permits prospective relief against a state official to ensure future compliance with federal law, this approach does not apply to claims under state law. See *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104–06 (1984). James must exhaust his administrative remedies (if he has not done so already) and then pursue his claim in state court. He should pay particular attention to the exhaustion requirements, §§ 2635/12, 14(B), and the identity of the appropriate defendant, §2635/14(C). We understand the district court's decision to be without prejudice to James's entitlement to pursue any of his state-law claims in state court, and on that understanding the judgment is

AFFIRMED.